UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GEOFFREY L. SWARTZ,

    Plaintiff,                                      Case No. 1:07-CV-771

v.                                                 Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER AND JUDGMENT APPROVING
## AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 12) filed on July 7, 2008. Plaintiff filed his Objection to the Report and Recommendation (docket # 13) on July 17, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Scoville; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds Magistrate Judge Scoville's Report and Recommendation to be both factually sound and legally correct.

Plaintiff has two objections to the Report and Recommendation. Plaintiff first argues that the ALJ violated SSR 02-01p by failing to consider the effect of Plaintiff's alleged obesity. He next recapitulates an argument he raised for the first time in his reply brief: that the ALJ made an improper credibility determination.

Plaintiff's objections are without merit. First, as explained in the Report and Recommendation, the ALJ did not violate SSR 02-01p. Plaintiff never alleged to the agency that he was obese; no medical source in the record diagnosed him with obesity; and, even under the plain language of SSR 02-01p, just because he might have had a BMI above 30 does not mean that he was obese. *See, e.g.*, Social Security Ruling, SSR 02-1p, 67 Fed. Reg. 57,859, 57,860–62 (Sept. 12, 2002) ("[S]omeone with a BMI above 30 may not have obesity . . . . The fact that obesity is a risk factor for other impairments does not mean that individuals with obesity necessarily have any of these impairments. It means that they are at greater than average risk for developing the other impairments.") Second, the ALJ did

not make an improper credibility determination. As explained in the Report and Recommendation, Plaintiff waived this argument by failing to timely raise it. Furthermore, the ALJ's credibility determination was supported by more than substantial evidence.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed July 7, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is AFFIRMED.


Dated:  July 29, 2008           /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE